FILED

JUN 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROMAN KITSOULA,

        Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 06-71636

Agency No. A070-891-093

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 18, 2010
San Francisco, California

Before: BYBEE, TYMKOVICH,[**] and N.R. SMITH, Circuit Judges.

    Roman Kitsoula, a native and citizen of Ukraine, petitions for review of a

decision by the Board of Immigration Appeals (BIA) affirming the immigration

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Timothy M. Tymkovich, United States Circuit Judge
for the Tenth Circuit, sitting by designation.

judge's (IJ) denial of his application for asylum.[1]   The BIA denied the application because: (1) Kitsoula did not provide sufficient evidence of the identity of his attackers; (2) there was no evidence that the police were unwilling or unable to control the persecutors; and (3) the change in country conditions eliminated any fear of future persecution.

The BIA erred in holding that Kitsoula was required to know the identity of his persecutors.  *See Aguilera-Cota v. INS*, 914 F.2d 1375, 1380 (9th Cir. 1990). However, substantial evidence supports the BIA's finding that Kitsoula did not establish eligibility for asylum, because he failed to demonstrate the Ukrainian government was unwilling or unable to control his persecutors.  *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Because the BIA's second ground for denying petitioner's application was supported by substantial evidence, we need not address whether the evidence of changed country conditions was sufficient.

**PETITION DENIED.**

---

[1] Kitsoula did not raise the IJ's denial of withholding of removal and relief under the Convention Against Torture (CAT) before the BIA.  We therefore lack jurisdiction to review it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).  Kitsoula's counsel conceded that these issues were not before this panel.